## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**ANTHONY JOHN GREER, JR.,** *et al.*　§
　　　　　　　　　　　　　　　　　§
**v.**　　　　　　　　　　　　　　§　　　**NO. 4:26-CV-00389-SDJ-BD**
　　　　　　　　　　　　　　　　　§
**DALLAS IVF1, PLLC,** *et al.*　　§

### MEMORDANDUM OPINION AND ORDER

Anthony and Allison Greer sued Dallas IVF1, PLLC, and Dallas IVF Surgery Center, LLC ("Dallas IVF"); Dara Haveman, M.D.; Baylor Scott & White Health; Baylor University Medical Center; William Pringle, a Baylor Scott & White security guard; and two unknown defendants. Dkt. 6. Their claims arise from infertility treatment they received from Dallas IVF, a medical provider with an office on Baylor University's property. Dkts. 6, 15 at 6–7. They allege that, in the course of in vitro fertilization treatment, the defendants negligently thawed a frozen embryo, refused to provide the Greers with medical records, and banned the Greers from entering their property. The Greers moved for leave to conduct expedited discovery to secure their medical records and identify the unknown defendants. Dkt. 5. The motion will be denied.

### DISCUSSION

### I.  Good-Cause Standard

Unless the court orders otherwise, Federal Rule of Civil Procedure 26(d)(1) prohibits litigants from seeking discovery from any source before the parties have conferred as required by Rule 26(f). The rule does not state how courts should decide whether to permit discovery before the parties confer, but courts have taken two approaches. *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).

A minority of courts apply a "preliminary-injunction-style analysis" that requires the litigant to show a risk of irreparable injury, a likelihood of success on the merits, a connection between the irreparable injury and the discovery sought, and evidence that the injury to the party seeking discovery is likely to be greater than to the party producing it. *Id.* (citing *Notaro v. Koch*, 95 F.R.D.

403 (S.D.N.Y. 1982)). But some courts have criticized that approach. Expedited discovery is often sought to obtain facts necessary to show entitlement to a preliminary injunction. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (2d ed.)). It does not make sense to require a litigant to show its entitlement to a preliminary injunction before it may seek discovery that would show its entitlement to a preliminary injunction. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000).

The majority of courts adopt a more lenient standard that requires the party seeking discovery to show "good cause." *St. Louis Grp.*, 275 F.R.D. at 239. Although the Fifth Circuit has not overtly adopted either standard, it has signaled its approval of the good-cause standard. *Doc. Ops., L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *4 (Aug. 23, 2021) (reversing an order authorizing expedited discovery because good cause had not been shown and explaining that, "[i]n the Southern District of Texas[,] . . . courts employ a good cause standard to determine when to exercise their authority to order expedited discovery"). And district courts in the Fifth Circuit, including this court, have embraced the good-cause standard. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 4:22-cv-459-SDJ, 2025 WL 3651910, at *1 (E.D. Tex. Dec. 17, 2025); *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 & n.21 (M.D. La. 2016); *St. Louis Grp.*, 275 F.R.D. at 240.

## II. The Greers' Motion

The Greers' motion seeks expedited discovery on two subjects: their medical records and the identities of the unknown defendants. They are entitled to expedited discovery on neither.

### A. Medical records

In determining whether good cause exists, courts must examine the record as a whole and the surrounding circumstances to determine whether "the need for expedited discovery outweighs the prejudice to the responding party." *ELargo Holdings*, 318 F.R.D. at 61 (quoting *BKGTH Prods., LLC v. Does 1–20*, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013)). Courts usually consider factors such as whether a motion for a preliminary injunction is pending, the breadth and purpose of the discovery requests, the burden on the producing party of responding to the request, and how

2

far in advance of the typical discovery process the request was made. *United States v. Abbott*, No. 1:23-cv-853-DAE, 2023 WL 6532633, at *2 (W.D. Tex. Aug. 3, 2023). And although expedited discovery is not the norm, courts have allowed it when the party seeking discovery can show that it would suffer irreparable harm absent discovery or denying discovery would substantially impact the case's ability to progress on the court's docket. *St. Louis Grp.*, 275 F.R.D. at 240–41.

The Greers have not shown good cause to seek expedited discovery of their medical records. Several of their claims arise in part from the defendants' alleged failure to timely produce various medical records. *See* Dkt. 6 at 34–37, 41–42. And the production of those records is one of the types of relief the Greers hope to obtain if they ultimately prevail. *Id.* at 56. So an order that the defendants produce those records now would fast-forward to the end of the case and grant the Greers part of their requested ultimate relief before they have shown entitlement to it.

True, the Greers are likely to obtain some or all of those records during discovery anyway. *See* Fed. R. Civ. P. 34 (permitting parties to request documents from opposing parties). But rather than militate in the Greers' favor, that rule weighs against them here because they have not shown a need to discover the records earlier. The motion states that the records are necessary for the Greers to continue infertility treatment. Dkt. 5 at 1. But the Greers have been receiving infertility treatment since August 2024, if not earlier. *See* Dkt. 6 at 39 (alleging that the defendants decided to terminate their physician–patient relationship with the Greers on or about August 19, 2024). They do not explain why the short amount of time between now and the parties' Rule 26(f) conference would prejudice them. And although they also argue that access to their medical records is necessary to effectively prosecute their case, Dkt. 5 at 3, that is what discovery during the ordinary course is for: obtaining the information necessary to prove the merits of a claim. It is not cause for expedited discovery.

### B.  The identities of unknown defendants

Some courts have permitted plaintiffs to engage in expedited discovery if necessary to identify unknown defendants. *Yogaratnam v. Doe*, No. 2:24-cv-393, 2024 WL 4838925, at *5–7 (E.D. La.

Nov. 20, 2024); *ELargo Holdings*, 318 F.R.D at 64. They have applied a test developed in the Ninth Circuit that requires the party seeking discovery to show four elements: (1) that it is not clear that discovery would not uncover the identities of the unknown defendants, (2) that the complaint would not be dismissed on other grounds, (3) that the unknown defendants are identified with sufficient specificity for the court to be confident that they are real people subject to its jurisdiction, and (4) that the party seeking discovery has taken steps to identify the unknown defendants without discovery. *ELargo Holdings*, 318 F.R.D at 62–63 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *Voltage Pictures, LLC v. Doe–50.141.97.4*, No. 3:14-cv-1872–AC, 2015 WL 1579533, at *4 (D. Or. Apr. 9, 2015)); *see Williams v. Bryan of Ladera*, No. 4:22-cv-00057-SDJ-BD, 2024 WL 5098506, at *2 (E.D. Tex. Nov. 20, 2024); *Yogaratnam*, 2024 WL 4838925, at *5–6. The court will apply that test, which is a reasonable way of assessing good cause, here.

The first and third elements are satisfied. The complaint identifies the two unknown parties as an "Embryology Technician . . . employed by or acting on behalf of Dallas IVF who participated in the handling, identification, and thawing of [the Greers'] embryos" and a "Nurse . . . employed by or acting on behalf of Dallas IVF who participated in [the Greers'] treatment and consent process." Dkt. 6 at 4 (boldface removed). Although the complaint does not specify which defendants engaged in which conduct, it does allege that the unidentified defendants were involved in the negligent thawing of an embryo meant for the Greers' treatment. That is enough information for the court to be confident that those defendants exist and that Dallas IVF would be capable of identifying them. Further, because those defendants are employed by Dallas IVF in Texas, they are likely to be citizens and residents of Texas subject to personal jurisdiction in this State.

The fourth element is also satisfied. The complaint explains that the Greers attempted to identify the unknown defendants by petitioning a state court for pre-suit discovery under Texas Rule of Civil Procedure 202. Dkt. 6 at 6.

But the Greers do not satisfy the second element. Each of the defendants has filed a motion to dismiss, Dkts. 15, 16, and those motions are likely to be granted.

The Greers are pursuing their federal under 42 U.S.C. § 1983. The rest of their claims sound in state law. Generally, § 1983 applies only to state actors. *Davis v. United States Marshals Serv.*, 849 F. App'x 80, 86 (5th Cir. 2021). Each defendant has moved to dismiss on the basis that he, she, or it is not a state actor. Dkts. 15 at 8–11, 16 at 7–9, 17 at 11–12. The Greers seek to overcome that obstacle by alleging that the medical-provider defendants acted through another defendant, William Pringle, whom the Greers refer to as "Officer Pringle." Dkt. 6 at 23–30. A private party may be liable under § 1983 if its conduct is "fairly attributable to the government." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 774 (N.D. Tex. 2014). But even assuming that acting through a police officer would satisfy that test, it would not be satisfied here. The Greers identify Pringle as "a law-enforcement officer associated with Baylor Scott & White Health," and a part of "Baylor-affiliated law enforcement." Dkt. 6 at 27. Baylor is not a government entity, and the Greers do not allege that Pringle is employed by any government entity. In fact, he is a private security guard. Dkt. 15 at 10 n.1. A private actor does not expose itself to § 1983 liability by acting through another private actor.

The court's jurisdiction is based only on federal-question jurisdiction and supplemental jurisdiction. Dkt. 6 at 2. Exercising its supplemental jurisdiction, the court may hear state-law claims that arise from a "common nucleus of operative fact" as the claims over which it has original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). But a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). It usually should. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (stating that dismissal of all the federal claims in a case is "a powerful reason to choose not to continue to exercise jurisdiction" over pendent state-law claims).

Because none of the defendants is a state actor, the Greers' § 1983 claims are likely to be dismissed for failure to state a claim. And because those claims are likely to be dismissed, the court is likely to decline to exercise supplemental jurisdiction over the Greers' state-law claims. So the Greers are not entitled to expedited discovery.

5

## CONCLUSION

It is **ORDERED** that the motion for expedited discovery, Dkt. 5, is **DENIED**.

So **ORDERED** and **SIGNED** this 27th day of May, 2026.

_____
Bill Davis
United States Magistrate Judge